**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Golden,<br>Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>Debtor, | Case No. 1:22-01899-HG |
| Tashanna B. Golden<br>fka Tashanna B. Pearson,<br><br>Plaintiff,<br><br>v.<br><br>National Collegiate Student Loan Trust 2006-4, Goal Structured Solutions Trust 2016-A, Pennsylvania Higher Education Assistance Agency d/b/a American Education Services and Firstmark Services,<br><br>Defendants. | Adv. Proc. No. 17-1005 (ESS) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT PHEAA'S MOTION FOR**
**LEAVE TO APPEAL AND MOTION FOR STAY PENDING APPEAL**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

STATUTORY BACKGROUND ............................................................................................... 2

STATEMENT OF FACTS ....................................................................................................... 4

ARGUMENT ............................................................................................................................ 8

I.      The Motion for Leave to Appeal Should be Denied Because the Order is Not
Appealable under 28 U.S.C. § 158(a) and § 1292(b)............................................................. 8

      A.      The Instant Interlocutory Appeal Presents No Controlling Question of
Law, and Discovery Disputes Generally Cannot Constitute Controlling
Questions of Law. ................................................................................................. 9

      B.      There is No Substantial Ground for Difference of Opinion, Because it is
Well Established that Trial Courts have Broad Discretion Over Discovery. ....... 11

      C.      Resolution of this Appeal Will Not Materially Advance the Ultimate
Termination of this Litigation. ............................................................................. 13

II.     PHEAA is Not Entitled to a Stay Pending Appeal. ........................................................... 13

      A.      Legal Standard. ................................................................................................... 14

      B.      PHEAA Failed to Move for a Stay in the Bankruptcy Court. ............................. 15

      C.      There is No Substantial Possibility of Success on the Merits............................... 16

      D.      PHEAA Has Shown No Irreparable Harm. ......................................................... 18

      E.      Granting a Stay Would Prejudice Ms. Golden and the Proposed Class and
is Against the Public Interest. ............................................................................. 21

CONCLUSION........................................................................................................................ 21

## **TABLE OF AUTHORITIES**

**Cases**

*2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*,
   No. 20-CV-1278 (RRM), 2021 WL 1209355 (E.D.N.Y. Mar. 30, 2021) ............................... 9

*Am. Exp. Warehousing, Ltd. v. Transamerica Ins. Co.*,
   380 F.2d 277 (2d Cir. 1967).................................................................................................. 11

*Arias v. DynCorp*,
   856 F. Supp. 2d 46 (D. D.C. 2012) ...................................................................................... 13

*Atl. City Elec. Co. v. A. B. Chance Co.*,
   313 F.2d 431 (2d Cir. 1963).................................................................................................. 10

*Berkson v. Gogo LLC*,
   97 F. Supp. 3d 559 (E.D.N.Y. 2015) .................................................................................... 17

*Chennareddy v. Dodaro*,
   No. 87–3538(EGS), 2010 WL 3025164 (D.D.C. July 22, 2010) .......................................... 13

*Earl v. Boeing Co.*,
   No. 4:19-CV-00507, 2021 WL 5415291 (E.D. Tex. Nov. 19, 2021) ............................... 18, 19

*Earl v. Boeing*,
   21 F.4th 895 (5th Cir. 2021). ............................................................................................... 19

*Enron Corp. v. J.P. Morgan Securities (In re Enron)*,
   No. 01-16034 AJG, 2006 WL 2400411 (Bankr. S.D.N.Y. 2006) ................................... 17, 18

*Franzon v. Massena Mem'l Hosp.*,
   189 F.R.D. 220 (N.D.N.Y. 1999) .......................................................................................... 10

*Hamilton Rd. Realty, LLC v. United States Tr.*,
   No. 20-CV-1746 (LDH), 2021 WL 878734 (E.D.N.Y. Mar. 9, 2021) ............................. 14, 16

*Heerwagen v. Clear Channel Commc'ns*,
   435 F.3d 219 (2d Cir. 2006).................................................................................................. 11

*Homaidan v. Sallie Mae Inc.* (*In re Homaidan*),
   Adv. Pro. No. 17-1085, 2022 WL 2693012 (Bankr. E.D.N.Y. July 8, 2022) ................... 2, 21

*Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*),
   3 F.4th 595, 605 (2d Cir. 2021) ............................................................................................ 3

*In re 347 Linden*,
   No. 11–cv–1990, 2011 WL 2413526 (E.D.N.Y. June 8, 2011) ....................................... 15, 16

*In re Adelphia Commc'ns Corp.*,
    361 B.R. 337 (S.D.N.Y. 2007) ........................................................................ 15

*In re Adelphia Commc'ns Corp.*,
    333 B.R. 649 (Bankr.S.D.N.Y.2005) ............................................................. 18

*In re Alexander*,
    248 B.R. 478 (S.D.N.Y. 2000) ...................................................................... 16

*In re BGI, Inc.*,
    504 B.R. 754 (S.D.N.Y. 2014) ...................................................................... 16

*In re Bijan-Sara Corp.*,
    203 B.R. 358 (B.A.P. 2d Cir. 1996) .............................................................. 15

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
    No. CV H-14-3428, 2017 WL 3620590 (S.D. Tex. Aug. 23, 2017) .................... 19

*In re Convolve, Inc.*,
    No. 00 CIV.5141 GBD, 2006 WL 2792687 (S.D.N.Y. Sept. 27, 2006) .............. 11

*In re DG Acquisition Corp.*,
    151 F.3d 75 (2d Cir. 1998) ............................................................................ 10

*In re Frascella Enterprises, Inc.*,
    388 B.R. 619 (Bankr. E.D. Pa. 2008) ........................................................... 17

*In re Hypnotic Taxi LLC*,
    No. 15-43300 (CEC), 2017 WL 1393674 (Bankr. E.D.N.Y. Apr. 18, 2017) ........ 18

*In re Initial Pub. Offerings Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) ............................................................................ 11

*In re Orlan*,
    138 B.R. 374 (E.D.N.Y. 1992) ........................................................................ 8

*In re Perry H. Koplik & Sons, Inc.*,
    No. 02-B-40648 REG, 2007 WL 781905 (Bankr. S.D.N.Y. Mar. 13, 2007) ........ 18

*In re Sabine Oil & Gas Corp.*,
    548 B.R. 674 (Bankr. S.D.N.Y. 2016) ........................................................... 14

*In re Taub*,
    470 B.R. 273 (E.D.N.Y. 2012) ................................................................. 14, 15

*In re W.R. Grace & Co.-Conn.*,
    984 F.2d 587 (2d Cir. 1993) .......................................................................... 11

*Sai v. Dep't of Homeland Sec.,*
 99 F. Supp. 3d 50 (D. D.C. 2015) ....................................................... 10

*Starke v. SquareTrade, Inc.,*
 No. 16-CV-7036-NGG-SJB, 2017 WL 11504834 (E.D.N.Y. Dec. 15, 2017) ...................... 17

*Tucker Anthony Realty Corp. v. Schlesinger,*
 888 F.2d 969 (2d Cir. 1989) .............................................................. 18

*Veeraswamy v. Jones as Tr. of Est. of Veeraswamy,*
 No. 19-CV-02137 (MKB), 2019 WL 1876788 (E.D.N.Y. Apr. 26, 2019)) ........................... 9

*Wal-Mart v. Dukes,*
 564 U.S. 338 (2011) ..................................................................... 12

*Wills v. Amerada Hess Corp.,*
 379 F.3d 32 (2d Cir. 2004) ............................................................. 10

*Zahn Farms v. Key Bank (In re Zahn Farms),*
 206 B.R. 643 (2d Cir. BAP 1997) ....................................................... 16

**Statutes**

11 U.S.C. § 523(a)(8) ............................................................. 7, 10, 16

11 U.S.C. § 524 ...................................................................... 7, 9

28 U.S.C. § 1292(b) ......................................................... 2, 13, 14, 16

28 U.S.C. § 158(a)(3) .................................................................. 13

**Other Authorities**

3 Newberg on Class Actions § 7:14 (6th ed.) ............................................ 17

Internal Revenue Code § 221(d)(i) ....................................................... 8

**Rules**

Fed. R. Bankr. P. 8004 ................................................................. 13

Fed. R. Bankr. P. 8007 ........................................................ 18, 19, 20, 25

Fed. R. Civ. P. 23(f) ........................................................... 17, 24, 25

Plaintiff Tashanna B. Golden ("Plaintiff"), on behalf of herself and all others similarly situated, submits this memorandum in opposition to Defendant Pennsylvania Higher Education Assistance Agency's ("Defendant" or "PHEAA") motion for leave to appeal the bankruptcy court's June 13, 2022 Order and motion for stay of that order pending appeal, pursuant to this Court's order of July 7, 2022.  For the reasons stated herein, PHEAA's motion for leave to appeal and motion for stay pending appeal should be denied in their entirety.

## PRELIMINARY STATEMENT

The Court should deny PHEAA's motion for leave to appeal because the appeal sought does not involve a controlling question of law over which there is substantial ground for difference of opinion.  This appeal involves a discovery order arising in the context of a motion for class certification.  Determinations as to what discovery is appropriate before a class is certified are left to the sound discretion of the trial court and do not involve any unique or undecided issue of law.  Moreover, an appeal would not materially advance the ultimate determination of this litigation, especially if PHEAA's motion for a stay is granted.  This case is over five years-old and any appeal would needlessly and further delay the ultimate resolution of the case.

PHEAA's motion for a stay should be denied for several additional reasons.  First, PHEAA failed to move for a stay in the bankruptcy court and such failure is a bar to obtaining any relief in this Court.  Second, there is no substantial possibility of success on the merits.  As noted above, the parameters of discovery with regard to class certification are clearly within the sound discretion of the trial court and the information sought is obviously relevant to the class certification motion, as explained four different times at four different conferences by the bankruptcy court judge.  Third, PHEAA can show no irreparable harm if this motion for a stay is denied.  Incurring costs to comply with a discovery order is not considered to be irreparable

harm.  Finally, granting PHEAA's request for a stay would prejudice Plaintiff and the proposed class.  While this case proceeds, PHEAA and the other Defendants in this action continue their collection efforts on debts that have been discharged in bankruptcy.  As Judge Stong recently held in the related case, *Homaidan v. Sallie Mae Inc.* (*In re Homaidan*), Adv. Pro. No. 17-1085, 2022 WL 2693012, at *27-29 (Bankr. E.D.N.Y. July 8, 2022), the harm former debtors suffer from attempts to collect on discharged debts is not merely a monetary injury.  Rather, such improper attempts to collect on discharged debts impede the ability of these individuals to achieve the fresh start, which is the underlying purpose of the Bankruptcy Code.

## STATUTORY BACKGROUND

This action seeks to hold Defendants liable for violating the statutory injunction against collecting on discharged debts contained in 11 U.S.C. § 524.  Specifically, Plaintiff seeks to hold Defendant PHEAA and other Defendants named in this action in contempt for violating the statutory injunction under that section, as well as the discharge orders entered in the individual cases of Plaintiff and the proposed class members.  Plaintiff also seeks a declaratory judgment that the debts that Defendants are collecting on had been discharged in bankruptcy and seeks restitution of all funds paid by class members after they received their discharge orders.

Not all student loans are non-dischargeable in bankruptcy. Exceptions to discharge are enumerated in 11 U.S.C. § 523(a)(8).  A student loan is nondischargeable only if it comes within one of the narrow exceptions contained in § 523(a)(8):

> (A)(i) An educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) An obligation to repay funds received as an educational benefit, scholarship or stipend; or

2

(B) Any other educational loan that is a qualified education loan, as defined in § 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

As evidenced by the statute, federally funded or guaranteed loans are nondischargeable as are loans that are funded by nonprofit entities, § 523(A)(i). Recently, the Second Circuit held in *Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*), 3 F.4th 595, 605 (2d Cir. 2021) that § 523(A)(ii) does not apply to loans. In this case, Plaintiff claims that Defendants are collecting on private loans which do not come within the terms of § 523(A)(8)(B) because the private loans are not qualified education loans under Internal Revenue Code § 221(d)(i). In order for a private loan to qualify as nondischargeable under Subsection B, the loan must be made to a student who attends a so-called Title IV institution and the loan must be within the cost of attendance determined by the institution, less any other financial aid, scholarships, or grants received by the student. Plaintiff claims that a large percentage of the loans in Defendants' portfolios are private—*i.e.* non-governmental or nonprofit loans—that exceed the cost of attendance, less other financial aid.

In response to the motion for class certification, Defendants argued that many loans in their portfolio are either governmental loans or loans funded or guaranteed by nonprofits. They also argued that some of their loans were, in fact, within the cost of attendance, and therefore come within the terms of the Internal Revenue Code § 221(d)(i). In response to these arguments Plaintiff raised with the Court the fact that Defendants had failed to provide sufficient information to determine which loans were private loans and, of those private loans, which loans were within the cost of attendance. Plaintiff therefore sought discovery from Defendants delineating the attributes of each of the loans in their portfolio to determine the number of private loans that, in fact, were made to students at Title IV institutions, but exceeded the cost of attendance. Defendants' refusal to provide this information is the genesis of this appeal.

3

**STATEMENT OF FACTS**

Plaintiff commenced this action over five years ago, asserting claims for willful violation of the discharge injunction contained in 11 U.S.C. § 524 on behalf of herself and all other similarly situated.  Dkt. No. 32.[1]  Plaintiff and each member of the proposed class had a student loan that was later discharged in bankruptcy.  However, despite the fact that these loans are no longer legally collectable, Plaintiff and the proposed class continue to be subject to Defendants' unlawful attempts to collect on these discharged debts.

On July 13, 2020, Plaintiff filed a motion for class certification, which is fully briefed and is currently pending before the bankruptcy court.  Dkt. No. 255.  In a last-ditch effort to defeat Plaintiff's motion for class certification, Defendants for the first time in their oppositions to the class certification motion—filed nearly a year after the certification motion was filed—asserted that many of the loans held by the proposed class were guaranteed by nonprofits or government institutions and that others were certified as within the cost of attendance.  In response to these assertions, Plaintiff requested that Defendants provide the underlying data for each loan.  Defendants refused.

The requested discovery that forms the basis of this appeal was first discussed with the bankruptcy court during a September 29, 2021 conference.  During this conference, the Court agreed that the discovery would be helpful: "[i]t does seem to make sense to know . . . what the loans at issue are, who the borrowers are, at some point what the circumstances are, and that discovery should be a part of that process."  *See* Declaration of George F. Carpinello at ¶ 2, Ex. A ("September 29, 2021 Hearing Transcript") at 25:12-15.  The Court went on to note that "the facts actually do matter and whether the alleged class is an empty bucket or an overflowing lake.

---

[1] Unless otherwise noted, references to the docket contained in this Statement of Facts refer to the bankruptcy court docket, Adv. Pro. No. 17-1005.

. . is a certainly relevant factor in assessing risk, but also relevant whether and to what extent there are class members . . . or facts associated with class members that will inform the Court's determination on the various motions is something that needs to be addressed." *Id*. at 25:20-26:03. PHEAA's counsel took the position that Plaintiff had not served a specific document request for the individual loan files of proposed class members and stated that PHEAA would take the position that any such request was "inappropriate and we would object to it . . . unless and until a class is certified because of the burden of producing those files." *Id*. at 47:13-21. PHEAA's counsel went on to state that the requested discovery would not be produced unless "[y]our Honor orders me to produce it after vigorous motion practice," but that "there will be vigorous motion practice." *Id.* at 55:16-18.

Following the September 29 conference, and consistent with the Court's recommendation that Plaintiff serve supplemental discovery requests that narrowly focus on the discovery at issue, Plaintiff served Supplemental Interrogatories and Requests for Production of Documents ("Supplemental Requests") on October 13, 2021. *See* Carpinello Decl. at ¶ 3, Ex. B ("Plaintiff's Supplemental Interrogatories and Requests for Production of Documents to All Defendants"). The Supplemental Requests consist of a single interrogatory and document request seeking information about the specific attributes of each loan held or serviced by Defendants. *See* Exhibit B to Carpinello Decl. In particular, the Requests seek information about the attributes of each loan that would place the loan either within or outside the parameters of § 523(a)(8). With this information, Plaintiff and the Court would be able to determine the scope of the proposed class.

On November 12, 2021, PHEAA served its responses and objections to the Supplemental Requests, followed by a letter to Plaintiff's counsel on November 15. *See* Carpinello Decl. at ¶

4, Ex. C (Letter from P. Haveles to G. Carpinello"); ¶ 5, Ex. D ("PHEAA's Responses and Objections to the Supplemental Requests").  In both its letter and its Responses and Objections to the Supplemental Requests, PHEAA took the position that Plaintiff was not entitled to any discovery with respect to the proposed class members unless and until a class is certified and stated that it will not produce the requested discovery.  *See generally* Carpinello Decl. Exs. 4 and 5.

Following receipt of PHEAA's Responses and Objections, the parties engaged in a meet and confer on November 18, 2021, in advance of a pre-trial conference scheduled with the Court later that afternoon.  They were unsuccessful in resolving the dispute.  Carpinello Decl. at ¶ 6.

At a November 18, 2021 conference with the Court, PHEAA attempted to argue that it had already produced all of the requested information via the production of selected portions of an internal database.[2]  *See* Carpinello Decl. at ¶ 7, Ex. E ("November 18, 2021 Hearing Transcript") at 35:14-36:12.  PHEAA's counsel eventually admitted, however, that the database does not contain all of the information sought by the Supplemental Requests.  *Id.* at 36:05-37:01. As Mr. Haveles conceded at the November 18 conference with the Court, the database only contains information about loans, rather than individual borrowers.  *Id.*  In addition, the database does not provide information about school certification or whether the loan is within the cost of attendance at the relevant educational institution. Nor does it allow Plaintiff to verify Defendants' contentions that certain loans are non-dischargeable based on the assertion that the

---

[2] PHEAA has repeatedly made the false statement that it has produced 2.3 terabytes of data relating to the loans held by Plaintiff and the proposed class. *See, e.g.*, Case No. 1:22-mc-01899, Dkt. No. 4-1 ("Motion to Stay") at 2; Adv. Pro. No. 17-1005, Dkt. No. 504 ("Motion for Leave to Appeal") at 3; Carpinello Decl. at ¶ 8, Ex. F ("February 2, 2022 Hearing Transcript") at 33:22-34:06; Dkt. No. 447 ("PHEAA Opposition to Motion to Compel") at 15.  However, as explained in the Declaration of John DeBois, submitted in connection with this Opposition, PHEAA has only produced 581.59 gigabytes of data, which is less than one third of the amount it purports to have produced.

loans were guaranteed by a nonprofit or governmental entity.  The only way to obtain this information is to compel the production of the individual loan files from Defendants.

After PHEAA's blanket refusal to comply with the Supplemental Discovery Requests, on December 6, 2021, Plaintiff filed the motion to compel that is the basis for the appeal sought before this Court.  Dkt. No. 444.

The bankruptcy court conducted a thorough and thoughtful review of Plaintiff's motion to compel as well as Defendants' briefs in opposition, including holding two separate hearings on the motion on February 2, 2022 and May 23, 2022.  *See* Carpinello Decl. at ¶ 8, Ex. F ("February 2, 2022 Hearing Transcript"); *Id.* at ¶ 9, Ex. G ("May 3, 2022 Hearing Transcript").

The Court first heard argument on the motion to compel at the February 2, 2022 Hearing. Carpinello Decl. at ¶ 8, Ex. F (Feb. 2, 2022 Hearing Tr.).  During this hearing, PHEAA's counsel admitted that it contests numerosity of the class, as well as Plaintiff's ability to show the contours of the class.  Feb. 22, 2022 Hearing Tr. at pp. 39-42.  After several hours on the record, the Court requested that Plaintiff supplement the record with a description of how each sub-category of the Supplemental Requests relates to a disputed matter pertaining to class certification.  *Id*. at 107:10-110:03.

Following the February 22, 2022 conference, the parties again met and conferred regarding the Supplemental Requests and on May 6, 2022, Plaintiff's counsel filed a letter providing an update of that discussion with the Court.  *See* Dkt. No. 486.  Plaintiff further narrowed the requested discovery, seeking an order compelling production of subparts L, M, N, O, P, Q, R, S, and U of the Supplemental Requests.  *Id*.  Plaintiff filed a slightly updated version of the letter to the Court on May 18, 2022, to reflect the fact that one of the Defendants (not PHEAA) had already gathered documents in connection with sub-part S.  Dkt. No. 487.

7

At the May 23, 2022 hearing, the Court again gave the parties the opportunity to argue the merits of the motion to compel. *See generally* Carpinello Decl. at ¶ 9, Ex. G ("May 3, 2022 Hearing Transcript"). Following the additional argument, the bankruptcy court issued a ruling on a portion of Plaintiff's motion to compel, ordering PHEAA (as well as other Defendants) to provide information in response to Requests L and M of the Supplemental Requests and deferred consideration of the other paragraphs to a later hearing. *Id*. at pp. 88-110. Along with its decision, the Court provided a thorough and well-reasoned discussion of how this information would be helpful when ruling on the pending motion for class certification. *Id*.

The bankruptcy court issued a written order reflecting this ruling on June 13, 2022. Dkt. No. 501.

PHEAA's Motion for Leave to Appeal and Motion for a Stay of the Bankruptcy Court's order soon followed.

## <u>ARGUMENT</u>

**I.     The Motion for Leave to Appeal Should be Denied Because the Order is Not Appealable under 28 U.S.C. § 158(a) and § 1292(b).**

PHEAA seeks to appeal the district court's discovery order pursuant to Fed. R. Bankr. P. 8004, which allows for appeals of "an interlocutory order or decree of a bankruptcy court." This Court has jurisdiction to grant leave for such an appeal under 28 U.S.C. § 158(a)(3), but parties cannot seek an appeal of an interlocutory order of a bankruptcy court as of right. There is no dispute that the instant discovery order, which resolves a portion of a motion to compel discovery, is not a final order.[3] "Courts in this Circuit have invariably held that all appeals governed by Section 158(a)(3) should refer to the standards articulated by [28 U.S.C. § 1292(b)]

---

[3] A final order in a bankruptcy case is "one that finally resolves a particular proceeding or controversy with the entire bankruptcy proceeding or conclusively determines a separable dispute over a creditor's claim or priority." *In re Orlan*, 138 B.R. 374, 377 (E.D.N.Y. 1992).

to determine whether leave to appeal should be granted." *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-CV-1278 (RRM), 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021).

"Under 1292(b), to permit an interlocutory appeal, the order being appealed from must (1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion, and (3) an immediate appeal would materially advance the ultimate termination of litigation." *Id.* (citing 28 U.S.C. § 1292(b)); *Veeraswamy v. Jones as Tr. of Est. of Veeraswamy*, No. 19-CV-02137 (MKB), 2019 WL 1876788, at *1 (E.D.N.Y. Apr. 26, 2019)). All three requirements must be met for the court to grant leave to appeal. *Veeraswamy*, 2019 WL 1876788 at *1. Additionally, the party seeking the interlocutory appeal bears the burden of showing that "**exceptional circumstances** exist that warrant an interlocutory appeal, to justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *Id.* (emphasis added; collecting cases).

## A.    The Instant Interlocutory Appeal Presents No Controlling Question of Law, and Discovery Disputes Generally Cannot Constitute Controlling Questions of Law.

To present a "controlling question of law," it is not enough that an appeal concerns primarily a legal issue. "An order involves a *controlling* question of law where 'reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *Veeraswamy*, 2019 WL 1876788 at *2. PHEAA's appeal fails to meet either of these standards.

Resolution of this discovery dispute will not terminate the action. Indeed, it will not even materially affect its outcome; PHEAA argued below that the discovery is not even necessary for

the pending class certification motion,[4] so PHEAA does not even contend that this discovery will affect the outcome of the pending motion for class certification. Indeed, PHEAA's only argument on this point is that reversing the bankruptcy court's order will "materially affect the outcome of the litigation by allowing the motion for class certification to be finally determined." Dkt. No. 1 ("Motion for Leave to Appeal") at 13. But that motion has been fully briefed by Plaintiff since September 3, 2021. It could be finally determined by the bankruptcy court at any time. Resolution of this discovery appeal will certainly not terminate the action, and will likely not have any material affect on its outcome, other than to disprove numerous hollow defenses that Defendants raised in opposition to class certification.

Moreover, there is a substantial body of caselaw that discovery disputes cannot present controlling questions of law for the purpose of permitting an interlocutory appeal. *See, e.g.*, *Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 224 (N.D.N.Y. 1999) (citing *Atl. City Elec. Co. v. A. B. Chance Co.*, 313 F.2d 431, 434 (2d Cir. 1963)) ("Questions of this sort, involving the discretion of the judge in conducting pretrial discovery proceedings, should not be reviewed by an appellate court at this stage of a litigation."). "A trial court enjoys wide discretion in its handling of pre-trial discovery." *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998); *see also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (stating that the district court has "broad discretion to direct and manage the pretrial discovery process"); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 59 (D. D.C. 2015) ("The decision whether to permit discovery to proceed while a threshold, dispositive motion is pending is both case-specific and committed to the discretion of the district court.").

---

[4] *See* Dkt. No. 1 ("Motion for Leave to Appeal") at 8 (PHEAA argued below that "(ii) Ms. Golden did not establish any necessity for the information it sought with regard to the pending class certification motion.").

Fact-dependent matters that are within the trial court's discretion "do not involve a 'controlling issue of law' under § 1292(b)." *In re Convolve, Inc.*, No. 00 CIV.5141 GBD, 2006 WL 2792687, at *2 (S.D.N.Y. Sept. 27, 2006). It is for this reason that "pretrial discovery orders are generally not appealable." *In re W.R. Grace & Co.-Conn.*, 984 F.2d 587, 589 (2d Cir. 1993); *see also Am. Exp. Warehousing, Ltd. v. Transamerica Ins. Co.*, 380 F.2d 277, 280–81 (2d Cir. 1967) (citing "the normal rule against appealability of discovery orders.").

Finally, to the extent that PHEAA contends that the bankruptcy court improperly resolved the proportionality analysis under Rule 26, that is a question of fact that is inappropriate for interlocutory appeal. The bankruptcy court evaluated PHEAA's burden in producing the requested documents and found that the burden did not outweigh the relevance of the documents. Reviewing that decision on appeal requires a factual inquiry into the extent of the burden (particularly in light of modern electronic filing systems and electronic methods of gathering and producing documents), which is inappropriate for an interlocutory appeal under 12 U.S.C. § 1292(b).

### B.     There is No Substantial Ground for Difference of Opinion, Because it is Well Established that Trial Courts have Broad Discretion Over Discovery.

The Second Circuit has long held that "the amount of discovery [on class certification issues] is generally left to the trial court's considerable discretion." *Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 233 (2d Cir. 2006), *overruled on other grounds In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 42 (2d Cir. 2006). Here, the bankruptcy court concluded that discovery into the applicability of 11 U.S.C. § 523(a)(8)(A)(i)'s exception as to potential class members was relevant to the court's decision on numerosity. Even if there was difference of opinion on that point, there can be no difference of opinion that the bankruptcy court had the discretion to make that decision. Here, it is evident from the record that the bankruptcy court

held multiple hearings to evaluate the parties' positions on this discovery dispute and then exercised its discretion to order PHEAA to produce the requested documents and information. PHEAA is entitled to nothing more.

PHEAA's argument to the contrary relies on the theory the bankruptcy court's decision somehow inappropriately merged certification and "full merits discovery." First, the discovery sought is not merits discovery. Rather, it is discovery designed to determine the identity of class members and contours of the proposed class. Second, even if it were merits discovery, PHEAA is incorrect that merits discovery is prohibited pre-certification. The fundamental flaw in PHEAA's analysis of the legal standard is its assumption that only precertification discovery is permissible at this stage of litigation. This is simply incorrect:

> Discovery related to the certification motion is sometimes referred to as "precertification discovery" though it is more accurate to label it "certification-related discovery." Discovery "precertification" simply identifies the time in the lawsuit that the discovery is taking place (before the court's decision on class certification), but it does not delineate the scope of that discovery, as ***discovery before the court's certification decision may be certification-related or merits-based or both.***

3 Newberg on Class Actions § 7:14 "Certification-related discovery—Generally" (6th ed.) (emphasis added). Since at least the Supreme Court's ruling in *Wal-Mart v. Dukes*, 564 U.S. 338 (2011), the Supreme Court has "directed lower courts to consider the merits if necessary to ascertain whether the prerequisites of Rule 23 have been satisfied." *Id*. at § 7:17 "Scope of certification-related discovery—Overlap with merits discovery". The fact that the discovery sought by Plaintiffs may be relevant to merits issues as well is not a reason to restrict it if the bankruptcy court also believed it was relevant to class certification. And the caselaw on this issue leaves no question that the issue of relevance is left to the broad discretion afforded to the bankruptcy court.

### C.    Resolution of this Appeal Will Not Materially Advance the Ultimate Termination of this Litigation.

As noted above, regarding the analysis of a controlling issue of law, review of this motion will not materially advance the ultimate termination of this litigation. Indeed, PHEAA concedes that if class certification is granted, it would then have to produce all of the documents sought in the instant discovery dispute regardless of the outcome of this appeal. *See* Motion at 24, ("[I]f a much narrower class is certified, [then] the amount of files to be searched will be substantially less."). It is quite likely that the only effect of this appeal would be to delay the production of the disputed information until after the decision on class certification. That result would literally have no effect on the underlying litigation.

The reality is that the instant appeal "will almost certainly prolong both the discovery period and the resolution of the litigation." *Arias v. DynCorp*, 856 F. Supp. 2d 46, 54 (D. D.C. 2012) (citing *Chennareddy v. Dodaro*, No. 87–3538(EGS), 2010 WL 3025164, at *2 (D.D.C. July 22, 2010) ("Allowing immediate appeal ... would not materially advance the ultimate termination of the litigation. In fact, the opposite is more likely true: allowing an immediate appeal of this discovery issue would likely only cause further delay to this case that has already been pending for over twenty years.")). Permitting an interlocutory appeal, with briefing by both parties, of a discovery dispute will only further delay the date when the bankruptcy court will finally adjudicate a class certification motion that has been fully briefed since September 2021.

## II.    PHEAA is Not Entitled to a Stay Pending Appeal.

PHEAA is also not entitled to a stay pending an appeal of the bankruptcy court's interlocutory discovery order.  At the outset, this Court lacks jurisdiction to grant a stay because PHEAA did not first apply to the bankruptcy court for relief as required under Federal Rule of Bankruptcy Procedure 8007. But even if the Court were to consider a stay, PHEAA does not

13

meet the criteria for one. It cannot show a substantial possibility of success on the merits—it plainly does not meet the standard for an interlocutory appeal, as addressed above. It also cannot show irreparable harm—the only harm identified is the additional cost of discovery, which courts in this Circuit have found do not constitute irreparable harm under Rule 8007. To the contrary, a stay would also prejudice Ms. Golden and other class members. If discovery is stayed during the appeal, that will delay resolution of the underlying claims, all while PHEAA continues to collect on Ms. Golden's and the potential class members' loans.

A.    **Legal Standard.**

Federal Rule of Bankruptcy Procedure 8007 governs stays pending appeals from the bankruptcy court. Fed. R. Bankr. P. 8007. It provides that a party "must first move in the bankruptcy court for . . . a stay of a judgment, order or decree of the bankruptcy court pending appeal" unless the party shows "that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(a)(1)(A), (b)(2)(A).

Deciding whether to grant a stay of an order pending appeal lies within the sound discretion of the Court. *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016). The Court must consider the following factors in its decision: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012) (internal quotation marks and citations omitted; applying predecessor Bankruptcy Rule 8005). The "single most important factor is likelihood of success on the merits." *Hamilton Rd. Realty, LLC v. United States Tr.*, No. 20-CV-1746 (LDH), 2021 WL 878734, at *2 (E.D.N.Y. Mar. 9, 2021) (quoting *Taub*, 470 B.R. at 278).

14

Courts within the Second Circuit vary in applying these factors—some have held a moving party's failure to satisfy one prong "dooms his motion"; others have indicated the factors are a balancing test. *Taub*, 470 B.R. at 278-79 (*comparing In re Bijan-Sara Corp.*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996) (failure to satisfy one factor dispositive) *with In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (balancing test)). Either approach demands denial of PHEAA's motion here.

### B.  PHEAA Failed to Move for a Stay in the Bankruptcy Court.

PHEAA did not move for a stay in the bankruptcy court. Rule 8007 therefore precludes the relief sought here. Fed. R. Bankr. P. 8007(b)(1)(A). The rule excepts cases where the movant demonstrates that moving first in the bankruptcy court would be impracticable. Fed. R. Bankr. P. 8007(b)(2)(A). PHEAA has made no such showing here; nor does it even address Rule 8007(b)(1)(A) or why the Court should excuse it from noncompliance. The Court should deny PHEAA's stay request on this ground alone.

For example, in *Taub*, *supra*, this court stated, "[t]he law in this District is quite clear: Before the court reaches the merits of debtor's motion to stay the bankruptcy court orders ..., the court must determine whether it has jurisdiction to hear debtor's appeal." *Taub*, 470 B.R. at 276 (quoting *In re 347 Linden*, No. 11–cv–1990, 2011 WL 2413526, at *4 (E.D.N.Y. June 8, 2011); (quotation marks omitted)). Because a party must ordinarily present a motion for stay pending appeal to the bankruptcy court, if it instead appeals directly to the district court, it must show why it did not seek to obtain that relief first from the bankruptcy court. *Taub*, 470 B.R. at 276. "If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, **the district court lacks the jurisdiction to hear the matter**." *Id.* (emphasis added).

District courts in the Second Circuit therefore routinely dismiss motions for stay where movants seek a stay pending appeal when they inexplicably failed to apply first to the

bankruptcy court. *In re BGI, Inc.*, 504 B.R. 754 (S.D.N.Y. 2014) (citing *In re Alexander*, 248 B.R. 478, 484 (S.D.N.Y. 2000)); *see also Zahn Farms v. Key Bank (In re Zahn Farms)*, 206 B.R. 643, 644 (2d Cir. BAP 1997) ("We are of the view that we may not consider the merits of the request for a stay pending appeal, because by their own admission, the Debtors have not complied with the duty imposed by FRBP [8007] to present the request for stay first to the bankruptcy judge from whose order the appeal is taken. Although that provision states that that is the 'ordinary' procedure, and therefore permits exceptions, we do not believe that any exception applies here."); *In re 347 Linden, LLC*, 2011 WL 2413526 at *4 ("A district court has the power to stay an order or judgment of the bankruptcy court only if such relief was first sought in the bankruptcy court." (quotation marks omitted; collecting additional cases)). PHEAA's failure to seek a stay in the bankruptcy court—and failure to address why it did not—is fatal to PHEAA's motion.

Even assuming *arguendo* that the court is not required to dismiss the motion for stay for PHEAA's failure to first move for a stay in the bankruptcy court—which Ms. Golden does not concede—PHEAA nonetheless does not satisfy the stay criteria. Ms. Golden addresses each factor below.

### C.   There is No Substantial Possibility of Success on the Merits.

PHEAA cannot show a substantial possibility of success on the merits. This factor is the "single most important" and either demands, or weighs in favor of, denial. *Hamilton Rd. Realty, LLC*, 2021 WL 878734, at *2. Ms. Golden has already discussed above why PHEAA is not entitled to an appeal here.

Where an order being appealed is interlocutory, "the relevant 'likelihood of success' looks to whether the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal." *In re*

*Frascella Enterprises, Inc.*, 388 B.R. 619, 623 (Bankr. E.D. Pa. 2008) (citing *Enron Corp. v. J.P. Morgan Securities (In re Enron)*, No. 01-16034 AJG, 2006 WL 2400411, at *1 (Bankr. S.D.N.Y. 2006) (internal quotation marks omitted)).

PHEAA contends it has shown a substantial possibility of success because it has raised a "legitimate, well-pleaded dispute as to whether the Bankruptcy Court applied the correct legal standards in ruling on Ms. Golden's motion to compel and issuing the challenged Order." Dkt. No. 4-1 at 9. But as noted above, PHEAA has not shown that it has met the standards for an interlocutory appeal. There are no controlling questions of law the proposed appeal presents, and an immediate appeal will not materially advance the ultimate termination of the litigation. *See supra*, Section I.

PHEAA relies on *Starke v. SquareTrade, Inc.*, No. 16-CV-7036-NGG-SJB, 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017) in which the court granted a stay pending an appeal although the court did not agree the defendant was likely to prevail upon appeal. *See* Dkt. No. 4-1 at 9. PHEAA's cherry-picked quote however omitted the following bolded language: "[t]he court agrees, however, that this is a fact-intensive question **in an evolving area of the law** . . ., which the court views as presenting a serious question going to the merits." *Id.* (emphasis added). In *Starke*, the district court had applied a test from a case outlined in *Berkson v. Gogo LLC*, 97 F. Supp. 3d 559, 402 (E.D.N.Y. 2015) to defendant's claims. The Second Circuit then vacated a district court decision that had cited *Berkson*. The defendant moved for a stay arguing the *Berkson* test was thus inconsistent with the Second Circuit's recent decision. *Starke*, 2017 WL 11504834, at *2. Under those circumstances, it is understandable that the *Starke* court favored a stay, despite its skepticism of the likelihood of defendant's success on appeal, so as not to run afoul of new Circuit court precedent. PHEAA's motion addresses no such "evolving area

17

of the law" and its omission of those key words is telling. *See also In re Hypnotic Taxi LLC*, No. 15-43300 (CEC), 2017 WL 1393674, at *3 (Bankr. E.D.N.Y. Apr. 18, 2017) (denying motion to stay appeal where, as here, standards for application of legal doctrine on appeal is well-established). PHEAA has not shown a likelihood of success on the merits.

### D.   PHEAA Has Shown No Irreparable Harm.

PHEAA also has not, and cannot, show irreparable harm. "To establish irreparable harm, plaintiffs must demonstrate an injury that is neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (quotation marks and internal citations omitted).

PHEAA asserts it will suffer irreparable harm due to the "cost of pretrial litigation and discovery for defending a class action lawsuit." Dkt. No. 4-1 at 14 (quoting *Earl v. Boeing Co.*, No. 4:19-CV-00507, 2021 WL 5415291, at *4 (E.D. Tex. Nov. 19, 2021)).  PHEAA complains the Court's order will cause it irreparable harm because it "imposes a present obligation upon PHEAA to collect, process, review and produce documents contained within PHEAA's 129,637 loan files to Ms. Golden by no later than mid-September 2022" that it estimates would take four to six months of work and would require hiring additional personnel. Dkt. No. 4-1 at 12; Dkt. No. 4-2 at 13-14.

But the "costs of discovery are generally not a recognizable injury under Rule [8007]." *In re Enron Corp.*, 2006 WL 2400411, at *2 (Bankr. S.D.N.Y. 2006) (denying the motion to stay under predecessor Rule 8005 based on this conclusion and citing *In re Adelphia Communications Corp.*, 333 B.R. 649, 659 (Bankr.S.D.N.Y.2005) ("All four criteria must be satisfied to some extent before a stay is granted.")); s*ee also In re Perry H. Koplik & Sons, Inc.*, No. 02-B-40648 REG, 2007 WL 781905, at *2 (Bankr. S.D.N.Y. Mar. 13, 2007) ("There is no irreparable injury in defending a lawsuit and complying with the requirements of discovery.").

Rather than cite cases within this Circuit—or relevant to Rule 8007, because those cases hold the alleged harm of continuing discovery does not constitute "irreparable injury" in this context—PHEAA relies primarily on *Earl v. Boeing*, a Fifth Circuit decision in which the court considered a stay pending an appeal of a class certification order. 21 F.4th 895 (5th Cir. 2021). That decision is not binding on this court, and even if it were, it does not involve an appeal from a bankruptcy court interlocutory discovery order.

The *Earl* district court, in considering the underlying stay motion,[5] had found that although the defendants might suffer irreparable harm if all proceedings were not stayed, the class plaintiffs would also suffer prejudice from the significant delay of potentially staying all proceedings for nearly a year. *Earl*, 2021 WL 5415291, at *5-6. The district court also acknowledged that while class discovery for classes of thousands of members might constitute irreparable harm, "[o]n the other hand, courts have found that prospective discovery costs of defending a class action do not constitute irreparable harm where, as here, the Rule 23(f) appeal will, at best, eliminate the class certification. It will not eliminate the claims of individual named Plaintiffs. As a result, the discovery will be necessary whether or not the appeal is successful." *Id.* at *5 (quoting *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017). The district court therefore entered a stay of some, but not all, discovery.

The Fifth Circuit reversed the decision in part, finding that *all* discovery should be stayed pending the appeal of the class certification order. *Earl*, 21 F.4th at 900. In doing so, it noted "three problems" with the district court's partial stay. *Id.* at 899. The first was that the class certification appeal also challenged plaintiffs' standing. *Id.* Second, the court found that if class

---

[5] The defendants in *Earl* notably first sought a stay from the district court; here, PHEAA did not seek a stay from the bankruptcy court.

certification were reversed, it would reshape the scope of discovery. *Id.* Third, the *partial* stay would actually serve to exacerbate the discovery disputes because it did not draw a workable line between permitted and non-permitted discovery. *Id.*

But importantly, in *Earl*, plaintiffs were initially appealing the *class certification order*, not a discretionary discovery order—and in any event, it was not a bankruptcy court order to which Rule 8007 applies. Plaintiffs instead had to comply with Federal Rule of Civil Procedure 23(f), which provides that a party must file a petition for permission with the appellate court in order to seek such an interlocutory appeal. Fed. R. Civ. P. 23(f). In *Earl*, the Fifth Circuit had already granted the defendants leave to appeal. *Id.* at 898. They then sought a stay pending the appeal before the district court, and later, the Fifth Circuit. *Id.* The court specifically found it did not need to decide the level of deference to apply to the district court's decision because even under the most deferential standard defendants "demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Id.* at 898. In other words, the court had already (1) decided to take up the discretionary interlocutory appeal; and (2) determined defendants had a significant likelihood of success on appeal. Not only is *Earl* plainly inapposite given cases in this Circuit have held that discovery costs do not constitute irreparably injury under Rule 8007, the court's conclusion hinged much more on the likelihood of success on the merits than irreparable harm. And finally, declining to enter a stay here will not encourage further discovery disputes—in fact, *staying* the discovery while PHEAA appeals an order that ruled only on part of Ms. Golden's motion to compel would result in further piecemeal discovery litigation.

20

**E.      Granting a Stay Would Prejudice Ms. Golden and the Proposed Class and is Against the Public Interest.**

PHEAA represents a stay would have "no effect" on Ms. Golden's prospects for recovery in this action because her "claims are monetary in nature and can be adjudicated at any time." Dkt. No. 4-1 at 13. That overlooks the fact that this matter has been pending for over six years and involves thousands of other potential class members for whom PHEAA services student loans. There is no preliminary injunction in place in this case; PHEAA can continue to collect on Ms. Golden's and other potential class members' loans—a stay of discovery would delay resolution of the underlying issues and would prejudice Ms. Golden *and* weighs against the public interest.

The argument advanced by PHEAA was recently soundly rejected in a related case. In *Homaidan*, Judge Strong emphasized that continuing to collect on a discharged debt is more than a matter of money: "An attempt to collect on a discharged debt is not just about money - it is about hardships and burdens that impair a debtor's efforts to achieve the 'fresh start' that is a centerpiece of the bankruptcy system." *Homaidan*, 2022 WL 2693012, at *28. "[T]hese acts by Navient to collect on a discharged debt amount to irreparable harm, and an award of damages after the fact is not sufficient to remedy that harm." *Id.*

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny PHEAA's Motion for Leave to Appeal and Motion for a Stay Pending Appeal in their entirety.

Dated: July 14, 2022                          Respectfully submitted,

                                                        **BOIES SCHILLER FLEXNER LLP**

                                    By:       */s/ George F. Carpinello*
                                                  George F. Carpinello
                                                  Adam R. Shaw

21

Jenna C. Smith
30 South Pearl Street
Albany, NY  12207

**JONES SWANSON HUDDELL &
DASCHBACH LLC**
Lynn E. Swanson (admitted *pro hac vice*)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

**LAW OFFICES OF JOSHUA B. KONS, LLC**
Joshua B. Kons (Ct. Bar No. 29159)
50 Albany Turnpike, Suite 4024
Canton, Connecticut 06019

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I, George F. Carpinello, hereby certify that on the 14th day of July, 2022, I served the

forgoing document on all counsel of record via ECF and electronic mail.

/s/ *George F. Carpinello*
George F. Carpinello

23